(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

George B Shaw.

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

( See attached ).

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)_

Civ. Action No. _____
(To be assigned by Clerk's Office)

## COMPLAINT
_(Pro Se Prisoner)_

Jury Demand?
☒ Yes
☐ No

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Page 1

Attached Page - Names of Defendants

Department of Corrections

(1) Warden David Pierce
(2) Commissioner Robert Coupe
(3) C/o Christopher Harrington
(4) Sgt. Cornelius Lewis
(5) S/Lt. Robert Mach
(6) IA Officer Stanley Baynard
(7) Lt. Hieshmon
(8) Captain Rispoli
(9) Sgt. Scott
(10) Cpl. Joiner
(11) Sgt. Collins
(12) Cpl. Lored

Connections

(13) Mental Health Director Lezly Sexon

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

__Shaw, George, B.__  __N/A__
Name (Last, First, MI)   Aliases

__00351611__
Prisoner ID #

__James T. Vaughn Correctional Center__
Place of Detention

__1181 Paddock Rd.__
Institutional Address

__Smyrna__   __DE__   __19977__
County, City   State   Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __David Pierce__
Name (Last, First)

__Warden__
Current Job Title

__1181 Paddock Road__
Current Work Address

__Smyrna.__ __DE.__ __19977__
County, City / State / Zip Code

Defendant 2: __Coupe Robert__
Name (Last, First)

__Commisioner__
Current Job Title

__245 McHee Road__
Current Work Address

__Dover.__ __DE__ __19901.__
County, City / State / Zip Code

Page 4

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## Defendant(s) Continued

Defendant 3: __Harrington Christopher__
Name (Last, First)

__Correction officer__
Current Job Title

__1181 Paddock Rd__
Current Work Address

__Smyrna,__  __DE__  __19977__
County, City   State   Zip Code


Defendant 4: __Lewis Cornelius__
Name (Last, First)

__Sgt.__
Current Job Title

__1181 Paddock Rd__
Current Work Address

__Smyrna, DE__  __DE__  __19977__
County, City   State   Zip Code

Page 5

Defendants Continued

Defendant 5, Name: sgt. Robert Moch.
Job title: sgt.
Work Address: 1181 Paddock Rd. Smyrna DE. 19977

Defendant 6 Name: Stanley Baynard.
Job title: IA officer
Work address: 1181 Paddock Rd. Smyrna, DE 19977

Defendant 7 Name: Lt. Hiesbman.
Job title: Lt.
Work address: 1181 Paddock Rd. Smyrna, DE 19977

Defendant 8, Name: Captain Rispoli
Job title: Captain.
Work address: 1181 Paddock Rd. Smyrna, DE 19977

Defendant 9, Name: Sgt. Scott - Sgt. - 1181 Paddock Rd Smyrna DE 19977
Defendant 10: Name: CPl Joind - CPl. - 1181 Paddock Rd Smyrna, DE 19977
Defendant 11 Name: sgt Collins - Sgt. - 1181 Paddock Rd Smyrna DE 19977
Defendant 12 Name: CPl Loreq. - CPl. - 1181 Paddock Rd Smyrna DE 19977

Defendant 13 Name Lezly Sexton
Job title: Director of Mental Health.
Work address: 1181 Paddock Rd. Smyrna, DE 19977

Pg. 6

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

V. **STATEMENT OF CLAIM**

Place(s) of occurrence: J.T.V.C.C. B-Building, Building 18, Building 21

Date(s) of occurrence: October 2014 to December 2016.

State which of your federal constitutional or federal statutory rights have been violated:

8th Amendment - Cruel and Unusual Punishment

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

| What happened to you? |

(A) From October 20th 2014 to December 10th 2014 I was forced to work overtime on my days off. At one point I worked 31 days straight without a day off. I was threatened by Officer Harrington and Sgt. Lewis that I would be fired if I didn't go into work.

(B) I was a Kitchen worker in B-Building which is Medium-High Classification. Kitchen workers were assigned to go get the food carts from Main Kitchen, set up station and chow, feed B-Annex, and 3 tiers in B-Building (total 280 inmates). Clean up chow hall, take carts back to Main Kitchen.

(C) On December 10th I was fired from my job and having been "Making Noise" or complaining, C/o Harrington said he shook me down and found Contraband in my room. He never went in my room and there was another officer C/o Janssen who stated at my write-up hearing that he didn't see him go in my room and I was found Not guilty but I still lost my job and my goodtime.

(D) I filed a Grievance on the issue and the grievance board

> Who did what?

agreed with me saying we were working more than the "hour system" they had set up. They never paid me for back wages and the DOC continued to pay the same amount of money to workers.

(E). I suffered emotional distress at the cost of C/O Harrington and Sgt. Lewis retaliating against me by setting me up with contraband and I was in fear of these officers. I also lost money and good time that could reduce my sentence. It also caused me and other inmates problems.

(F). On Tuesday, June 30th 2015 I requested protective custody because I was in fear of my life. I signed an administrative transfer statement. On Wednesday July 15th 2015 I was taken to Kent County Courthouse and threatened in an intimidated kind of way by the FBI and Internal Affairs officer Stanley Baynard about drugs and cellphones that were in the prison. It is like a street corner in Philadelphia with the amount of drugs in this prison. Baynard stated "we could of just questioned you in front of your fellow prisoners and it wouldn't look good on your part". I felt threatened and scared because of that statement. Other officers and inmates seen me talking to them at the courthouse.

(G). In late July of 2015 DOC took Protective Custody out of the prison. DOC never asked me if I was okay to go back into prison population. They sent me back to B-Annex which is located in the same building where I left at the first time because inmates thought that I was dropping "notes". I was forced to see those same people everyday when I went to chow.

(H). On December 14th 2015 I got a write up in B-Annex and Lt. Hieshman ("name might not be spelled correctly") tried to move me to B-Building. I told him I was in fear of my life in that building and I signed a statement saying the same and he still said we will deal with it tomorrow. I felt suicidal at the time and felt I wanted to hurt myself so I went to the "Pink Room" suicide watch.

(I). On December 18th 2015 Director of Mental Health Lezly Sexton

had me moved to the isolation "PCO" watch even though I was compound status and not classified to "Max". Note: "PCO" watch in isolation is used for people in Maxium who go on watch because lack of space. Note: "PCO" in isolation was shut down because it was unconstitional and illegal.

> Was anyone else involved?

From December 13th 2015 to December 31st 2015 I was not or ever offered a shower or allowed to brush my teeth. I was treated like an animal from all the officers who worked that building. They include Sgt. Scott, Sgt. Collins, C/O Smith, Cpl Joiner, Cpl Lorca, and Sgt. Mock. I complained to Mental Health about the conditions and they didn't do nothing.

(J) On Wednesday October 5th 2016 I got my property back and it didn't have my radio in it. I was on "PCO" watch prior to getting my property. Sgt. Mock took my radio and didn't give me a write-up for taking it. Lt. Goldman said I was getting a write up. Note: I've been having issues with Sgt. Mock for the past year and complaining to him about harassing me. Also the write up I got on December 19th 2015 was on his best friend Cpl. Payten.

(H) On Wednesday October 20th sgt Mock came on to 18-B-tier to respond to someone breaking a sprinkler. I was saying "flood the tier" and Sgt. Mock called me a "Snitch" in front of 25 inmates multiple times. He tried to put my safety at risk. Note: Sgt Mock has close ties with Internal Affairs. I wrote Deputy Warden Scarborough, Captain Rispoli, IA officer Baynard, and requested an investigation into his actions and campaign of harassment against me.

(L) On November 10th 2016 I had enough of Mock and his harassment and I felt that I wanted to hurt myself and went to "suicide watch" and refused to go back to that building. Note: I had to catch write ups because they had no Protective Custody and I felt that the prison was showing Indaliberate difference to my safety.

(M) On December 9th the final straw happened when I was in the



Page 9

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

> **Who did what?**

Mental health building to get treatment for my mental health issues and sgt. Mack came from building 18 to building 21 to shake me down and continue to harass me. My room looked like a tornado came through. He was not suppose to come in this building at all. Upon information and belief Lt Spencer and Sgt Mack got into an argument about him coming into this building and shaking me down. Cpl Waltz was a witness to this incident.

I have suffered emotional distress from the course of actions that these people are responsible for and I have issues with trusting the officers that are suppose to protect me.
DOC has caused intentional Infliction of Emotional Distress.

Page 10

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Is there a grievance procedure available at your institution?  ☒ Yes  ☐ No

Have you filed a grievance concerning the facts relating to this complaint?  ☒ Yes  ☐ No
    If no, explain why not:

Is the grievance process completed?  ☒ Yes  ☐ No
    If no, explain why not:

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

I would like the courts to. Grant Defendant that this court enter Judgment Granting Plaintiff A Declaration that the acts and omissions described violated my rights under the Constitution and laws of the United States. A No-contact order with Sgt. Modt. Compensatory damages in the amount of $10,000 against each defendant. Punitive damages in the amount of $10,000 against each defendant. A Jury trial, Plaintiffs costs in this suit, Any additional relief this court deems just.

Page 11

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?   ☐ Yes  ☒ No

If yes, how many? __N/A__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

N/A



page 12

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

_____

_____

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

__01/24/2017__       __George Shaw__
Dated                                                          Plaintiff's Signature

__Shaw, George, B.__
Printed Name (Last, First, MI)

__0038161/__
Prison Identification #

__1181 Paddock Rd.__    __Smyrna,__    __DE__    __19977__
Prison Address            City            State      Zip Code

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

