IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GEORGE B. SHAW, :
       Plaintiff, :
v. : Civ. No. 17-076-LPS
DEPUTY WARDEN DAVID PIERCE, :
et al., :
       Defendants. :

George B. Shaw, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 8, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff George B. Shaw ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 3) Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC) in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). Also before the Court are Plaintiff's request for counsel and motion for leave to amend.[2] (D.I. 5, 7)

## II. BACKGROUND

Plaintiff filed his Complaint on January 24, 2017. (D.I. 3) A review of the Complaint reveals that it has five discrete claims, distilled by the Court as follows:

Count I: From October 20, 2014 to December 10, 2014, Plaintiff was forced to work overtime on his days off. He worked 31 days without a day off. Defendants Officer Christopher Harrington ("Harrington") and Sgt. Cornelius Lewis ("Lewis") threatened to fire Plaintiff if he did not go into work. Plaintiff was fired on December 16, 2014 for "making noise" or complaining. Harrington told Plaintiff that he shook down Plaintiff's cell and found contraband. Plaintiff alleges that Harrington never entered his cell. Plaintiff was found not guilty, but he still lost his job and his good time. Plaintiff submitted a grievance over being forced to work without receiving overtime,

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]The Court will grant the motion for leave to amend. Plaintiff amends Section F and eliminates Section G of the Complaint. The Court considers D.I. 3 and D.I. 7, together, as the operative Complaint.

1

but he was not paid the back wages owed him. Plaintiff alleges that he suffered emotional distress as a result of the retaliation by Harrington and Lewis. (D.I. 3 at ¶¶ A-D; D.I. 7 at ¶ E)

Count II: On Tuesday, June 30, 2015, Plaintiff was housed in protective custody for a few weeks and then returned to his former housing status. Plaintiff alleges that the Department of Correction ("DOC") did not ask Plaintiff if he wished to be removed from protective custody, and "just got rid of it because of budget problems." (D.I. 7 at ¶ F)[3]

Count III: On December 15, 2015, Plaintiff received a write-up while housed in the B-Annex. When Defendant Lt. Heishman ("Heishman") tried to move Plaintiff to B-Building, Plaintiff told him that he was in fear of his life and signed a statement in this regard. Heishman told Plaintiff that they would deal with it the next day. Plaintiff felt suicidal at the time, so he was placed on suicide watch. The next day, Defendant Mental Health Director Lezly Sexton ("Sexton") had Plaintiff transferred to isolation PCO (psychiatric close observation) status, even though he was not classified to "Max." Plaintiff explains that PCO in isolation was shut down because it is unconstitutional and illegal. Plaintiff alleges that he was not offered a shower or allowed to brush his teeth from December 18 through December 31, 2015, and that he was treated like an animal by officers who work in the building including Defendants Sgt. Scott ("Scott"), Sgt. Collins ("Collins"), Cpl. Joiner ("Joiner"), Cpl. Lorea ("Lorea"), and Sgt. Robert Mock ("Mock"). Plaintiff complained to mental health about the conditions, but nothing was done. (D.I. 3 at I; D.I. 7 at ¶ H)

Count IV: Plaintiff had been on PCO watch and, on October 5, 2016, when Plaintiff's property was returned to him, his radio was missing. Plaintiff alleges that Mock took the radio, but

---

[3]Plaintiff amended Paragraph F which comprises Count II. Originally Paragraph F referred to Defendant Officer Stanley Baynard ("Baynard"), but he was removed upon amendment and replaced with the DOC.

did not give Plaintiff a write-up for taking it. Plaintiff was told that he would be receiving a write-up. (D.I. 3 at ¶ J)

Count V: On October 20, 2016, Mock came onto Plaintiff's tier and, multiple times, called him a "snitch" in front of 25 other inmates. Plaintiff alleges that Mock tried to put his safety at risk. Plaintiff wrote to several prison officials, including Defendants Captain Rispoli ("Rispoli") and Baynard, and requested an investigation into Mock's campaign of harassment against him. (*Id.* at ¶ K) On November 10, 2016, Plaintiff "had enough of Mock and his harassment." Plaintiff felt that he wanted to hurt himself and was placed on suicide watch. Plaintiff alleges that, because there was no PCO, the prison was deliberately indifferent to his safety. (*Id.* at ¶ L) On December 9, 2016, Plaintiff was receiving mental health treatment when Mock left his assignment at Building 18 and went to Plaintiff's cell in Building 21 to shake Plaintiff down. Plaintiff alleges that his cell looked like "a tornado came through." Plaintiff alleges that Mock and another correctional officer argued about Mock's coming to Plaintiff's building and shaking him down. (*Id.* at ¶ M)

Plaintiff alleges that he has suffered emotional distress as a result of the actions taken against him. He seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do

more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement

The Complaint names as defendants Warden David Pierce ("Pierce") and Commissioner Robert Coupe ("Coupe"), but there are no allegations directed towards them. It appears they are named as defendants based upon their supervisory positions. As is well-established, supervisory

5

liability cannot be imposed under § 1983 on a respondeat superior theory.[4] *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In the present case, Plaintiff does not associate any of his allegations with Pierce or Coupe and, therefore, fails to states claims upon which relief may be granted. In addition, in reviewing the facts as alleged, it does not appear plausible that Plaintiff will be able to articulate claims against them. Therefore, the claims against Pierce and Coupe will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**B.     Count I**

Count I, brought against Harrington and Lewis, is time-barred. It alleges that from October 20, 2014 to December 10, 2014, Plaintiff was forced to work overtime on his days off and that on December 16, 2014, he was fired from his kitchen job in retaliation for complaining. Plaintiff commenced this action on January 24, 2017. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew

---

[4] In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 556 U.S. at 669. The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888), for proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

6

or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

In Count I, Plaintiff complains of acts by Harrington and Lewis occurring prior in December 2014. He did not file his Complaint until January 24, 2017.[5] Hence, it is evident from the face of the Complaint that all claims raised in Count I accrued prior to January 24, 2015, and, therefore, are barred by the two-year limitations period.

Because Count I is time-barred, the Court will dismiss the claims against Harrington and Lewis as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

---

[5]The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's Complaint was signed on January 24, 2017 and submitted for e-filing on January 27, 2017. Giving Plaintiff the benefit of the "mailbox rule," the Court concludes that Plaintiff's Complaint was filed on January 24, 2017, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for e-filing. *See generally In re: Pilot Program for E-Filing Documents in the District of Delaware by Inmates at the James T. Vaughn Correctional Center* (D. Del. Sept. 8, 2016) Standing Order.

### C. Count II

In Count II, Plaintiff alleges that he was removed from protective custody after being housed there for a few weeks due to DOC budget problems. It seems that Plaintiff wished to remain in protective custody. However, he does not have a constitutional right to remain in protective custody.

Delaware state law does not create liberty interests in a prisoner's classification that are protected by the Due Process Clause. *See Carrigan v. Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997) ("Repeatedly, this [c]ourt has determined that the State of Delaware has created no constitutionally protected interest in a prisoner's classification."); 11 Del. C. § 6529(e) (giving Department of Corrections power to maintain "any" system of classification at its institutions). In addition, it appears that Plaintiff was returned to his regular housing assignment; there are no allegations that this created an atypical and significant hardship or that he was injured as a result of his removal from protective custody. *See e.g., Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Fountain v. Vaughn*, __ F. App'x __, 2017 WL 655764, at *2 (3d Cir. Feb. 17, 2017). Count II is frivolous and, therefore, will be dismissed pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### D. Count III

It appears that Plaintiff attempts to raise a conditions of confinement claim in Count III. He alleges that Heishman did not take immediate action when Plaintiff advised him that he was in fear for his life. In addition, he alleges that he was transferred to isolation PCO status by Sexton, even though it had been "shut down" as unconstitutional, and, while there, Scott, Collins, Joiner, Lorea, and Mock did not provide him basic necessities and treated him like an animal. Plaintiff complained, to no avail.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

As currently pled, Count III does not provide sufficient facts to state a claim upon which relief may be granted. Nor does it allege that Plaintiff suffered any physical injury as a result of Defendants' alleged acts. Plaintiff alleges that he has "suffered emotional distress from the course of actions that they people are responsible for and [he has] issues with trusting the officers that are supposed to protect [him]." (D.I. 3 at 10) To the extent that Plaintiff alleges that he suffered emotional distress due to Defendants' actions, the Prison Litigation Reform Act prohibits recovery of damages for mental and emotional injuries absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 535-36 (3d Cir. 2003) (requiring more than de minimis physical injury as predicate to allegation of emotional injury); *Edney v. Haliburton*, 658 F. App'x 164, 166-67 (3d Cir. Aug. 2, 2016). Accordingly, Plaintiff may not proceed in the absence of some "prior showing of physical injury." *Michtavi v. United States*, 345 F. App'x 727, 730 (3d Cir. Sept. 21, 2009).

Therefore, Count III will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears

9

plausible that Plaintiff may be able to articulate a claim against the defendants named in Count III, he will be given an opportunity to amend the Count.

E. **Count IV**

In Count IV, Plaintiff alleges his radio was taken by Mock when Plaintiff was placed on PCO status and, that once Plaintiff was taken off PCO status, Mock did not return the radio. A due process claim based on the deprivation of personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by* 474 U.S. 327 (1986)); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. Apr. 9, 2015). Because Delaware provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff cannot maintain a cause of action pursuant to § 1983. *See Harris*, 609 F. App'x at 705. Therefore, the Court will dismiss the claim as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

F. **Count V**

In Count V, Plaintiff alleges a campaign of harassment by Mock that included Mock calling Plaintiff a snitch in front of other inmates and shaking down Plaintiff's cell even though he was not assigned to the building were Plaintiff was housed. Plaintiff wrote to Rispoli and Baynard and requested an investigation into Mock's campaign of harassment against him.

This Court has recognized the serious implications of being labeled a "snitch" in prison. *See Blizzard v. Hastings*, 886 F. Supp. 405, 410 (D. Del. 1995) (being labeled snitch "can put a prisoner at risk of being injured"). Such labels can lead to a substantial risk of serious harm to the prisoner. *See e.g., Renchenski v. Williams*, 622 F.3d 315, 326 (3d Cir. 2010) ([i]t is largely without question . . . that the sex offender label severely stigmatizes an individual, and that a prisoner labeled as a sex offender

faces unique challenges in the prison environment"). Therefore, Plaintiff will be allowed to proceed against Mock with this claim.[6]

Plaintiff's allegations that his cell was searched as a form of harassment, however, fail. The Court construes the Complaint as alleging that the search in question infringed upon Plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures. In *Hudson v. Palmer*, 468 U.S. 517, 530 (1984), the Supreme Court rejected a prisoner's claim that a cell search conducted to harass him was unreasonable, finding that "prisoners have no legitimate expectation of privacy." *Id.* at 530. Accordingly, this portion of Count V will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, there was no mandatory duty upon Rispoli or Baynard to investigate Mock's actions. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. July 18, 2007) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973) (holding inmates failed to state claim against state officials for failing to investigate or prosecute civil rights violations)). Therefore, the Court will dismiss Rispoli and Baynard as the claims against them are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and § 1915A(b)(1).

## V.     REQUEST FOR COUNSEL

Plaintiff, who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, requests counsel on the grounds that he does not have the ability to present his case; he is unskilled in the law and the issues are complex; the case may turn on credibility determinations; expert witnesses will be necessary; he cannot attain and afford counsel on his own behalf; counsel would serve the best interest of justice; and his allegations if proved would establish a constitutional violation. A *pro se*

---

[6]Although not contained in the Complaint, Plaintiff's request for counsel (D.I. 5) states that he was assaulted because "they thought [he] was a snitch. (D.I. 5 at § 7)

litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[7] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, there has been no service upon any defendant. In addition, his filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary.

---

[7] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, the operative word in statute being "request").

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew the request for counsel (D.I. 5); (2) grant the motion to amend the complaint (D.I. 7); (3) dismiss all claims against David Pierce, Robert Coupe, Christopher Harrington, Cornelius Lewis, Stanley Baynard, and Captain Rispoli as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (4) dismiss Counts I, II, and IV as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (5) dismiss Count III against Lt. Heishman, Lezly Sexton, Sgt. Scott, Sgt. Collins, Cpl. Joiner, Cpl. Lorea, and Robert Mock for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); (6) dismiss the claims in Count V against Stanley Barnard and Captain Rispoli and the cell search claim against Robert Mock as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (7) allow Plaintiff to proceed on the "snitch" claim in Count V against Robert Mock; and (8) give Plaintiff leave to amend Count III.

An appropriate Order follows.


RECEIVED SEP 0 8 2017 U.S. DISTRICT COURT DISTRICT OF DELAWARE