IN THE UNITED STATES DISTRICT COURT

OR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE B. SHAW, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-076-LPS |
| SGT. ROBERT MOCK, | : | |
| Defendant. | : | |

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff George B. Shaw ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 3) Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6)

## II. BACKGROUND

Plaintiff recently filed a letter/motion for injunctive relief seeking mental health treatment. (D.I. 13) His motion is unrelated to the claims raised in his Complaint. Defendant opposes the motion. (D.I. 16)

## III. LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See*

*NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (stating temporary restraining order continuing beyond time permissible under Rule 65 must be treated as preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Plaintiff states that he has serious mental health issues, and he is not being provided mental health treatment. He seeks counseling and medication. Plaintiff wants to be in the mental health program for maximum security inmates. He indicates that he is suicidal and has previously attempted suicide.

In opposition to the motion, Defendant provides the declaration of Marc Richman, the Bureau Chief for the Bureau of Correctional Health Care Services for the Delaware Department of Correction, and also submits his mental health records. (D.I. 16 at Exs. A, B) The medical records indicate that Plaintiff received and continues to receive mental health treatment though the DOC's medical provider. He has been seen by several psychologists and had had numerous weekly visits with clinicians. In addition, Plaintiff was placed in residential treatment centers after apparent efforts to harm himself.

Dr. Richman indicates that Plaintiff is not a current residential treatment candidate due to his propensity to display threatening behaviors and disobey orders. However, Plaintiff receives regular consults from qualified mental health professionals. Dr. Richman indicates that on the day

2

Plaintiff authored his motion, he demanded to see a mental health counselor, and he was seen. At that time, the counselor determined there was no evidence of any acute emotional distress. Plaintiff agreed to notify mental health in the event there was a risk of harm to himself or to others. Plaintiff responds that Defendant's response is misleading, and explains that, while he sees a doctor every other week, he does not get any treatment. (D.I. 18) Plaintiff wants to be returned to the treatment center.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. However, so long as the treatment provided is reasonable, "a prisoner has no right to choose a specific form of medical treatment." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Plaintiff's goal is to return to the treatment center. The evidence of record indicates that, contrary to the position in his motion, mental health professionals are aware of Plaintiff's condition, Plaintiff received and continues to receive mental health treatment, and his condition is regularly monitored through consults by mental health professionals. In light of the foregoing, the Court

3

finds that Plaintiff has demonstrated neither the likelihood of success on the merits, nor irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the motion will be denied.

## IV. CONCLUSION

For the above reasons, the Court will deny the motion for injunctive relief. (D.I. 13)

An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2018.